Haywood, J.
delivered the opinion of himself and Judge Whyte.
Jordan’s tract of 400 acres beginning at A, runs to C, to D, to E, where the line terminates'at two black oaks, at the distance of forty-one poles from Houston’s lino, formerly Siles’s. The grant of Jordan then called to run south twenty-two west two hundred and twenty-five poles with Houston’s line to a black oak; at the end of two hundred and twenty-five poles, along Siles’s line, stands a hickory; the next and last line called for in the grant is north thirty-eight west three hundred and forty-two poles to the beginning ; running directly from the black oaks, south twenty-two west, the course called for in the grant, as well as Houston’s line, and stopping at the end of two hundred and twenty-five poles, the next line, north thirty-eight west, will lead to the beginning, whereas, to run that course from the hickory, the line will not lead to the beginning, but terminate at the end of the distance called for, twenty-seven poles from'the beginning. The question is, which is the true line from the black oaks, — that described by the course and distance called for in the patent, or Houston’s line ? The difficulty arises from the circumstance that Houston’s line is forty-one poles distant from the black oaks. The rule is, where a corner is made calling for a river, creek, or line, and it stands some distance from such river, creek, or line, that is nevertheless the boundary. The line from the black oaks was not run, yet it called for a corner, not a stake, as is usually called for where a line is not run. This intimates plainly that a tree was marked as a corner in Houston’s line, at the distance of two hundred and twenty-five poles in that line, being a former survey. This consideration, fortified by the circumstance that the hickory is marked as a corner of Jordan’s tract, and that in eighteen months after the survey made for Jordan there was a line from the hickory towards his beginning marked a considerable distance *257 towards the beginning, makes it apparent that the application of the rule in this case will not be productive of any improper result. Arid to this may be added that at the same early period, Jordan, Siles, and Mc’Cune, the owners at that time of the adjoining lands, showed this hickory as Jordan’s corner.
Note. — In the original there is here a reference to a diagram at the end of the volume, hut no such diagram was in fact inserted. —Ed.
The Circuit Court charged the jury, that if they believed the hickory mentioned as a corner was the corner as claimed by the plaintiff, then the line must be extended to the hickory; or if they believed that the hickory is not the corner, still, if they were satisfied from the proof, that the line called Houston’s line was known by that name at the time of the plaintiff’s survey, then to go from the black oaks to Houston’s line, as called for in the grant, and then to run two hundred and twenty-five poles as called for in the grant with Houston’s line, and in either event, if any of the cleared lands in the possession of the defendant were included in the plaintiff’s claim by running as above stated, they should find for the plaintiff, otherwise for the defendant. And they found for the plaintiff.
The charge and verdict are substantially correct, and the judgment therefore should be affirmed.
Judgment affirmed.